UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TINA L. McNEILL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-305-P |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. Section 423. Defendant answered the Complaint and filed the administrative record (hereinafter AR___), and the parties briefed the issues. For the following reasons, Defendant's decision is affirmed.

I.     Administrative History and Agency Decision

Plaintiff filed an application for DIB alleging a disability onset date of April 1, 2018. AR 130-31. The Social Security Administration ("SSA") denied the application initially and on reconsideration. AR 30-40, 41, 43-58, 59. The parties agree that an Administrative Law Judge ("ALJ") then held a hearing on June 11, 2019, at which Plaintiff and a vocational expert ("VE") testified. Doc. No. 20 at 1;

Doc. No. 26 at 4.[1] The ALJ issued a decision denying benefits on August 9, 2019.
AR 12-23.

Following the agency's well-established sequential evaluation procedure, the
ALJ found Plaintiff had not engaged in substantial gainful activity since April 1,
2018, the alleged onset date. AR 14. At the second step, the ALJ found Plaintiff had
severe impairments of fibromyalgia, hidradenitis suppurativa, migraines, obesity,
depressive disorder due to a medical condition, and unspecified anxiety disorder. *Id.*
At the third step, the ALJ found these impairments were not *per se* disabling as
Plaintiff did not have an impairment or combination of impairments meeting or
medically equaling the requirements of a listed impairment. AR 15.

At step four, the ALJ found Plaintiff had the residual functional capacity
("RFC") to perform less than a full range of light work. AR 17. Relevant to this
appeal, the ALJ found the following impairments related to Plaintiff's mental
impairments, migraines and pain:

> [Plaintiff can] understand, remember, and carry out simple instructions,
> make only simple work-related decisions; and have only . . . incidental,
> superficial work-related type contact with the general public, co-

---

[1] The administrative record submitted to this Court does not contain the administrative
hearing transcript. Doc. No. 13. Though Defendant refers to the hearing transcript as
appearing on pages 371-390 of the administrative record, *see* Doc. No. 26 at 4, said pages
were not submitted as part of the record in this matter. Plaintiff cites only to the Request
for Hearing, Hearing Notice, and other related documents. Doc. No. 20 at p. 1. Fortunately,
beyond the portions of the transcript upon which the parties agree, a review of the transcript
is not vital to the Court's decision.

workers, and supervisors, defined as brief, succinct, cursory, concise communication relevant to the task being performed.

AR 17.

At step five, relying on the VE's testimony, the ALJ determined Plaintiff's RFC allowed her to perform jobs existing in significant numbers in the national economy, including marker, routing clerk, photocopy machine operator, and router. AR 22. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from April 1, 2018 through the date of the decision. AR 23.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.     Issue Raised

On appeal, Plaintiff contends the ALJ erred in his evaluation of the opinion of the consultative examiner, Dr. Kara Rodgers. Doc. No. 20 at 4-7.

III.    General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1153 (2019); *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Biestek*, 139 S.Ct. at 1154 (quotations omitted). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1509, 416.909 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. *See* 20 C.F.R. §§ 404.1520(a)(4), (b)-(g), 416.920(a)(4), (b)-(g). "If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age,

4

education, and work experience." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). "The claimant is entitled to disability benefits only if he [or she] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

IV.   <u>Analysis</u>

Plaintiff contends the ALJ erred by providing an improper reason to find Dr. Rodger's opinion only partially persuasive. Dr. Rodgers conducted a consultative psychological examination of Plaintiff in 2018. AR 339-41. Dr. Rodgers described Plaintiff's examination as unremarkable, noting that she appeared euthymic, was fully oriented, identified common objects, accurately added three single digits, followed a three-stage command, demonstrated good working memory, was able to abstractly reason, and had good social judgment. AR 340. Plaintiff "evidenced the ability to tract the course and flow of the exam, concentrate, focus, and display an adequate fund of knowledge." *Id.*

> In summary, Ms. McNeill endorsed multiple symptoms of depression, which seems to be mild to moderate in nature. She also struggles with some anxiety related to stress and worry. She seems to be able to manage her symptoms, but they are exacerbated when she is in pain. She may have some poor motivation and drive on the job.
>
> No psychiatric background materials were provided to the examiner. Current comprehensive psychodiagnostic testing appropriate to the claimant's capability level, and the acquisition of complete background records are recommended as an independent means of corroborating the following diagnostic impressions, which are based solely upon the client's clinical presentation, reported complaints, and reported/documented history.

*Id.* She diagnosed Plaintiff with major depressive disorder due to a general medical condition and an unspecified anxiety disorder. AR 140-41.

In his decision, the ALJ discussed Dr. Rodgers' notes and findings from the examination. AR 19. In considering Dr. Rodger's conclusions, the ALJ stated:

> Dr. Rodgers diagnosed the claimant with depressive disorder (due to a general medical condition) and unspecified anxiety disorder. She opined the claimant had mild to moderate symptoms of depression, which may cause her poor motivation and drive on the job. The undersigned finds the opinions of Dr. Rodgers only partially persuasive, as they were based on only a one-time evaluation of the claimant.

*Id.*

On appeal, Plaintiff complains the ALJ did not specify which portions of Dr. Rodgers' opinion he found persuasive because he "apparently adopted some limitations yet did not adopt others." Doc. No. 20 at 6. She also contends it was improper for the ALJ to find Dr. Rodgers' opinion less persuasive based on the fact that she only examined Plaintiff on one occasion. *Id.* at 5-6, 7.  The Court disagrees.

While neither Defendant nor the Court should provide *post-hoc* rationalizations to support an ALJ's decision, *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007), the ALJ's decision makes clear which portions of Dr. Rodgers' opinion the ALJ found persuasive. Dr. Rodgers concluded Plaintiff suffered from depressive disorder due to a general medical condition and an unspecified anxiety disorder. AR 140-41. In his decision, the ALJ found Plaintiff suffered from multiple

severe impairments, including "depressive disorder, due to a medical condition" and an "unspecified anxiety disorder." AR 14.

The remainder of Plaintiff's complaints are also without merit. The Social Security regulations define a medical opinion as follows:

> (2) Medical opinion. A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: . . .

> (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);

> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;

> (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and

> (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. § 404.1513(a). As Defendant notes in his Response, Dr. Rodgers' statement that Plaintiff may have "some poor motivation and drive on the job" is not a medical opinion indicating an impairment-related limitation or restriction. Dr. Rodgers' statement, certainly when considered in light of her examination findings overall, does not indicate a particular work-related limitation. Indeed, throughout Plaintiff's argument, she refers to Dr. Rodgers' statement as being more limiting

than the ALJ's RFC, but never articulates the precise limitation indicated by Dr. Rodgers' statement. *See, cf., Marshall v. Astrue*, 315 F. App'x 757, 760 n.2 (10th Cir. 2009) (holding an ALJ may properly reject a medical opinion where the opinion "did not contain an assessment of the nature or severity of [the plaintiff's] physical limitations or any information about what type of activities he could perform."). Accordingly, the Court finds the ALJ did not err in his consideration of Dr. Rodgers' opinion.

V.   <u>Conclusion</u>

Based on the foregoing analysis, the decision of the Commissioner is affirmed. Judgment will issue accordingly.

ENTERED this <u>14th</u> day of <u> April </u>, 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE